UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Mickey W. Beall

    v.                                       Civil No. 13-cv-457-PB

Amy D. Beall-Siegman

### REPORT AND RECOMMENDATION

Before the court is the complaint filed by plaintiff, Mickey W. Beall, requesting that this court prosecute defendant, Amy D. Beall-Siegman, who, plaintiff asserts, is more than $10,000 in arrears on her child support obligations concerning the parties' minor children. Because Beall is proceeding pro se, the magistrate judge conducts a preliminary review to determine whether the court has subject matter jurisdiction. See LR 4.3(d)(1)(A); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The complaint indicates that defendant lives in North Carolina, and plaintiff lives in New Hampshire. To establish this court's diversity jurisdiction, plaintiff must show that the parties are citizens of different states, and that the amount in controversy is more than $75,000. See 28 U.S.C.

§ 1332.  The allegations in the complaint fail to show that the jurisdictional minimum is satisfied.

Plaintiff cites a federal criminal offense in the complaint - the Deadbeat Parents Punishment Act of 1998 ("DPPA"), 18 U.S.C. § 228 - and also cites 18 U.S.C. § 3663A, which authorizes federal courts to order restitution as part of the sentence for certain federal crimes.[1]  Because neither statute provides plaintiff with a private cause of action for defendant's alleged failure to pay child support, the complaint does not raise a federal question remediable in this action.  Accordingly, this case does not invoke this court's federal question jurisdiction under 28 U.S.C. § 1331.

## Conclusion

For the foregoing reasons, the district judge should dismiss this action for lack of subject matter jurisdiction.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the

---

[1] The Deadbeat Parents Punishment Act of 1998 authorizes the United States, through the United States Attorney for the relevant federal district, to prosecute certain parents who have not paid child support.  See 28 U.S.C. § 228.  The court may order restitution as part of the sentence for a violation of that federal law.  See 18 U.S.C. §§ 228(d) and 3663A.

specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                     _____
                                     Landya B. McCafferty
                                     United States Magistrate Judge

October 25, 2013

cc:   Mickey W. Beall, pro se

LM:nmd